UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOSKOWITZ FAMILY LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 19-cv-672 |
| GLOBUS MEDICAL, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Moskowitz Family LLC ("Plaintiff") files this Complaint and demand for a jury trial seeking relief for patent infringement by Globus Medical, Inc. ("Globus"). Plaintiff states and alleges the following:

## THE PARTIES

1.      This case is brought by a physician father and his two sons, all of whom worked together to create groundbreaking advances in the field of spinal surgery. Those patented advances were shared with Globus, a large spinal fusion company, who despite knowing full well of the family's patents, decided to use its technology without the inventors' permission, and with neither credit nor compensation to the inventors.

2.      Moskowitz Family LLC is a limited liability company organized and existing under the laws of the state of Maryland, with its principal place of business located at 212 North Adams Street, Suite 200, Rockville, MD 20850. The company was created for the purpose of developing human spine related devices, and for the protection and licensing of any resulting inventions and intellectual property.

3.      Moskowitz Family LLC owns a portfolio of over fifty issued United States patents and more than a dozen pending patent applications related to new and improved fixation systems for minimally invasive spinal surgery.  The technologies described and claimed in those patents have revolutionized spinal fusion procedures.

4.      Before Moskowitz Family LLC's inventions, spinal fusion patients were far more likely to suffer a host of negative outcomes, ranging from high-impaction, neural or vascular injury, esophageal injuries, excessive blood loss, prolonged length of surgical time, prolonged recovery, and incomplete return to work.  These complications resulted largely from static and non-expandable implants, misplaced screws during the spinal fusion, and plate and/or screw pull-out after the operations.

5.      Moskowitz Family LLC's patents solve these issues by providing more minimally invasive spinal implants combined with improved surgical methods, tools, and systems of implantation for spinal fusion surgery.  For example, some of these inventions include minimal impaction, steerable and controlled expandable (custom-fit) intervertebral implants that minimize the challenges of insertion and optimize their intervertebral fit and placement.  Importantly, they also minimize musculoskeletal disruption and nerve root retraction.  Yet another intervertebral solution includes easily inserted, zero-profile, integrated stand-alone cervical and lumbar spacers, which provide the biomechanical strength of traditional anterior cervical and lumbar fusions while avoiding high-profile plates and maximizing safe and multi-level placement.  Other inventions include designing implants utilizing one-step insertion that can be continuously expanded to desired heights with automatic locking mechanisms providing customized fit.  Moskowitz Family LLC's patent portfolio has been recognized to be in the "Top 20 of Patent Portfolios" in

Spinemarket, Inc.'s *Annual Patent Power Index*, and ranked Top 10 in the Interbody category of the *Index*.  (Ex. A (Spinemarket 2018 Patent Analysis and Power Index).)

6.      Moskowitz Family LLC was formed by Dr. Nathan C. Moskowitz and his two sons, Mosheh T. Moskowitz and Ahmnon D. Moskowitz.  Dr. Moskowitz and his sons are inventors of the patents assigned to Moskowitz Family LLC.

7.      Dr. Moskowitz is a leading neurosurgeon and an innovator in the field of spinal surgery.  He trained in General Surgery and Neurological Surgery at Johns Hopkins Hospital, where he became Chief Resident, and also held several fellowship positions at Johns Hopkins University.  He is a Fellow of the Academy of the College of Surgeons, the International College of Surgeons, and the American Academy of Neurological Surgeons.  Both a researcher and a medical doctor, Dr. Moskowitz received his Ph.D. in Neurochemistry in 1983, and his medical degree in 1984, from the Mount Sinai School of Medicine.  He has served as the Chief of the Department of Neurosurgery for Shady Grove Adventist Hospital, Chief of the Department of Neurosurgery for Montgomery General Hospital, and as an Assistant Professor for the Department of Neurosurgery at Johns Hopkins University since 1992.  After a decade of practicing clinical neurosurgery, and consulting on and treating many patients, he became acutely aware of the complications during and after surgical procedures, and came to the realization that the status quo of spinal surgery technology and methodology did not lead to the superlative quality of life that his patients deserved.  The current state of the art fell short on maximizing acceptable risk/benefit ratios.  He became convinced that the field could be, and needed to be, advanced.  He then began to focus his career on researching and developing devices, tools and methods utilizing more minimally invasive and improved solutions for spinal surgery, in order to enhance the quality of life for his and all other patients with debilitating spine disease.

8.      Dr. Moskowitz has published more than twenty research articles in leading scientific and medical publications, such as *Science*, the *Journal of Neurochemistry*, *Brain Research*, the *Journal of Neurosurgery*, and the *Mount Sinai Journal of Medicine*.

9.      Dr. Moskowitz has also received several awards for his work as a physician and caregiver.  For example, Dr. Moskowitz has been awarded the "America's Most Compassionate Doctors Award" for the past nine years, has been twice named a Five Year Honoree of the Compassionate Doctor Award, and has been ranked as a "Top Doctor" in several publications for the Washington, D.C. and Baltimore, Maryland areas.  Additionally, Dr. Moskowitz is recognized as a Top Inventor in Spine by Spinemarket's *Annual Patent Power Index* and is ranked as the number five inventor out of the top twenty.  (Ex. A (Spinemarket 2018 Patent Analysis and Power Index).)

10.     Dr. Moskowitz's son and co-inventor Mosheh T. Moskowitz is the Chief Technology Officer of Moskowitz Family LLC.  Mosheh is the named inventor on United States patents and patent applications in multiple different fields, including spinal prosthetics, wireless endoscopy, robotics, and consumer products.  Mosheh received a Master's Degree in Electrical and Computer Engineering from Johns Hopkins University in 2004 and a Master's Degree in Electrical Engineering from Princeton University in 2002.

11.     Dr. Moskowitz's other son, Ahmnon (Andy) D. Moskowitz, is the Chief Operating Officer of Moskowitz Family LLC and is also a named inventor of many of the Asserted Patents. Andy received a Bachelor's Degree in Finance from the University of Maryland, College Park in 2002.  Andy is the named inventor on more than forty United States patents and patent applications in multiple different fields, including spinal prosthetics, wireless endoscopy, consumer products and gaming technology, the latter of which he is the sole inventor.

12.     On information and belief, Defendant Globus Medical, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 2560 General Armistead Avenue, Audubon, PA 19403.  On information and belief, Defendant Globus also has a regular and established place of business at 5335 Castroville Road, San Antonio, TX 78227.

## JURISDICTION

13.     This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

14.     This Court has general personal jurisdiction over Globus because Globus is engaged in substantial and not isolated activity at its regular and established place of business within this judicial District.  This Court has specific jurisdiction over Globus because Globus has committed acts of infringement in this District giving rise to this action, and has established more than minimum contacts within this judicial District, such that the exercise of jurisdiction over Globus in this Court would not offend traditional notions of fair play and substantial justice.

15.     On information and belief, Globus is a large, publicly-traded medical device company that develops, manufactures, markets, and sells multiple products for the treatment of musculoskeletal conditions of the spine, extremities, and pelvis.  These products include implantable devices, biologics (e.g., bone graft material), accessories, and surgical instruments used in spinal and orthopedic procedures.  The accused products at issue in this case make up a significant portion of these Globus products.

16.     On information and belief, Globus has a regular and established place of business at 5335 Castroville Road, San Antonio, TX 78227, which houses a manufacturing facility.  On

information and belief, Globus purchased the property at 5335 Castroville Road in November of 2015, and is the full and outright owner.  (Ex. B (5335 Castroville Road Deed).)  Since 2015, Globus has invested thousands of dollars in improvements and nearly doubled the value of the property.  (Ex. C (5335 Castroville Road Property Report).)  The manufacturing facility at 5335 Castroville Road spans 206,832 square feet and has an assessed value of approximately $9.7 million, in addition to approximately $68,000 of personal or tangible assets maintained at the property.  (Ex. C (5335 Castroville Road Property Report).)  Currently, Globus operates the property in a steady, uniform, orderly, and methodical manner by leasing the property and manufacturing facility to its wholly-owned subsidiary, Tissue Transplant Technology, Ltd.  (Ex. D (5335 Castroville Road Property Description).)  On information and belief, the manufacturing facility is operational for its intended purpose of manufacturing.

17.    On June 30, 2008, Globus registered in Texas as a Foreign For-Profit corporation with the stated purpose as a "wholesaler of medical devices (Spinal Implants)."  (Ex. E (Application for Registration).)  In 2018, Globus filed a Texas Franchise Tax Public Information report.  (Ex. F (Public Information Report 2018).)

18.    On information and belief, Globus has about seventy current and former employees in Texas, including in this District.  Many of these employees are located in the San Antonio and Austin, Texas areas and hold the title of "Spine Specialist," marketing and selling Globus products to hospitals and doctors in this District.  (Ex. G (Texas Employees Report).)  For example, Globus's Spine Specialists in the Austin, Texas area "identify[] potential customers in the Austin area and reach[] out to them." (Ex. H (Chris Thorton LinkedIn).)  On information and belief, in 2018 Globus marketed, promoted, and/or compensated at least one hundred doctors in Texas for several of the accused products at issue in this case, including, but not limited to, Globus's RISE,

RISE IntraLIF, Rise-L, ELSA, ELSA ATP, COALITION, COALITION AGX, COALITION-MIS, INDEPENDENCE, INDEPENDENCE-MIS, and FORTIFY.   (Ex. I (Globus Payment Report).)  In particular, Globus provided over five hundred instances of "benefits," such as travel, lodging, meals, consulting fees, and royalty or license payments, to doctors in Texas.  In 2018, Globus paid benefits or compensation valued at over a million dollars to Texas doctors.  (Ex. I (Globus Payment Report).)

19.     On information and belief, Globus maintains several wholly-owned subsidiaries in Texas, including in this District.  For example, Tissue Transplant Technology, Ltd. (which does business as Bone Bank Allografts, hereinafter "Bone Bank Allografts"), Human Biologics of Texas, Ltd., and Transplant Technologies of Texas, Ltd., are all wholly-owned subsidiaries of Globus that each produce cellular and tissue-based products, such as bone graft material.  (Ex. J (SEC Subsidiaries of Globus Medical, Inc.).)  A Globus employee, Aditya Muzumdar, is listed as manager of each of these entities.  (Ex. K (Aditya Muzumdar LinkedIn).)

20.     On information and belief, Globus has formed a joint enterprise with these Texas-based wholly-owned subsidiaries to infringe one or more claims of the Asserted Patents.  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas with a common purpose to make, use, sell, and offer for sale the Accused Products (identified below) along with various cellular and tissue-based products, such as bone graft material.  On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.  And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

21.    For example, in 2014 Globus acquired Transplant Technologies of Texas, a provider of "bone allografts, biomaterials, and soft tissue products." (*See* Ex. L (BusinessWire Globus Medical Announces Acquisition of Transplant Technologies of Texas).) On information and belief, Globus acquired Transplant Technologies of Texas in order to fulfill the common purpose of making, using, selling and offering to sell bone graft material to be sold, offered for sale, and used in conjunction with Globus's Accused Products.

22.    In addition, Globus's wholly-owned subsidiary Human Biologics of Texas produces bone graft material including, but not limited to, Globus's Viacell product. (*See* Ex. M (FDA Warning Letter Human Biologics of Texas/Globus Medical); Ex. N (FDA Warns Globus Subsidiary HBT Over ViaCell Production Facility Issues).) Globus promotes the sale of that bone graft material on its website. (Ex. O (Globus Medical Spine Innovation 5/17).) On information and belief, Globus and Human Biologics of Texas fulfill the common purpose of making, using, selling and offering to sell bone graft material to be sold, offered for sale and used in conjunction with Globus's Accused Products.

23.    On information and belief, Globus's wholly-owned subsidiary Bone Bank Allografts also produces bone graft material, and integrated its operations with Human Biologics of Texas in 2017. (*See* Ex. P (Bone Bank Allografts Sterile Human Tissue: Spine); Ex. Q (Bone Bank Allografts Confirm Bioactive Bone Graft); Ex. R (Bone Bank Allografts Traditional Bone Allografts); Ex. S (Integration of Bone Bank Allografts with Texas Human Biologics).) Bone Bank Allografts and Globus both promote the sale of bone graft material on their websites. (Ex. Q (Bone Bank Allografts Confirm Bioactive Bone Graft); Ex. T (Globus Medical Signify). Ex. U (Bone Bank Allografts Demineralized Bone Matrix); Ex. V (Bone Bank Allografts SteriFuse).) On information and belief, Globus and Bone Bank Allografts fulfill the common purpose of

making, using, selling and offering to sell bone graft material to be sold, offered for sale, and used in conjunction with Globus's Accused Products.

24.     Venue is therefore proper in this judicial District pursuant to 28 U.S.C. § 1400(b) because Globus maintains a regular and established places of business and has committed acts of patent infringement within this judicial District.

## ASSERTED PATENTS

25.     On January 15, 2013, United States Patent No. 8,353,913 ("the '913 patent") entitled "Bi-directional Fixating Transvertebral Body Screws and Posterior Cervical and Lumbar Interarticulating Joint Calibrated Stapling Devices for Spinal Fusion" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '913 patent by assignment.  A true and correct copy of the '913 patent is attached as Exhibit Z.

26.     On February 13, 2018, United States Patent No. 9,889,022 ("the '022 patent") entitled "Bi-Directional Fixating Transvertebral Body Screws and Posterior Cervical and Lumbar Interarticulating Joint Calibrated Stapling Devices for Spinal Fusion" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '022 patent by assignment.  A true and correct copy of the '022 patent is attached as Exhibit W.

27.     On July 24, 2018, United States Patent No. 10,028,740 ("the '740 patent") entitled "Spinal Fusion Implant with Curvilinear Nail-Screws" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '740 patent by assignment. A true and correct copy of the '740 patent is attached as Exhibit X.

28.     On September 18, 2018, United States Patent No. 10,076,367 ("the '367 patent") entitled "Bi-Directional Fixating Transvertebral Body Screws, Zero-Profile Horizontal Intervertebral Miniplates, Total Intervertebral Body Fusion Devices, and Posterior Motion-

Calibrating Interarticulating Joint Stapling Device for Spinal Fusion" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '367 patent by assignment.  A true and correct copy of the '367 patent is attached as Exhibit Y.

29.     On June 4, 2019, United States Patent No. 10,307,268 ("the '268 patent") entitled "Intervertebral Expandable Implant" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '268 patent by assignment.  A true and correct copy of the '268 patent is attached as Exhibit AA.  On September 10, 2019, the United States Patent Office issued a Certificate of Correction for the '268 patent, attached as Exhibit BB.

30.     On April 9, 2019, United States Patent No. 10,251,643 ("the '643 patent") entitled "Bi-Directional Fixating Transvertebral Body Screws, Zero-Profile Horizontal Intervertebral Miniplates, Expansile Intervertebral Body Fusion Devices, and Posterior Motion-Calibrating Interarticulating Joint Stapling Device for Spinal Fusion" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '643 patent by assignment.  A true and correct copy of the '643 patent is attached as Exhibit CC.

31.     On August 13, 2019, United States Patent No. 10,376,386 ("the '386 patent") entitled "Spinal Staple" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '386 patent by assignment.  A true and correct copy of the '386 patent is attached as Exhibit DD.

32.     On November 19, 2019, United States Patent No. 10,478,319 ("the '319 patent") entitled "System with Tool Assembly and Expandable Spinal Implant" was duly and legally issued by the United States Patent and Trademark Office.  Moskowitz Family LLC owns the '319 patent by assignment.  A true and correct copy of the '319 patent is attached as Exhibit EE.

## BACKGROUND

33.     Globus has been aware of certain inventions described and claimed in the Moskowitz Family LLC's patent portfolio since at least 2015.

34.     For example, Dr. Moskowitz's counsel sent Globus's Senior Vice President of Business Development and General Counsel, Anthony L. Williams, a letter on June 3, 2015, that identified the more than thirty issued patents and pending applications contained in Dr. Moskowitz's patent portfolio at the time.  (Ex. FF (June 3, 2015 Letter to Williams fr. Fink).)  The letter specifically identified the '913 patent as well as United States Patent Application Publication No. 2013/0018468, which issued as the asserted '022 patent.  (Exs. FF (June 3, 2015 Letter to Williams fr. Fink) and W).  Moreover, the other Asserted Patents are continuations of the pending applications identified in the letter, meaning they share the same technical description as the applications Dr. Moskowitz shared with Globus.  (Ex. FF (June 3, 2015 Letter to Williams fr. Fink).)  The letter stated that the identified patents "may be of interest to Globus Medical," sought confirmation that Mr. Williams was the appropriate person for this type of correspondence, and informed Mr. Williams that Dr. Moskowitz looked forward to Globus's response.  (Ex. FF (June 3, 2015 Letter to Williams fr. Fink).)

35.     About one month later, on July 13, 2015, Mr. Williams spoke with counsel for Dr. Moskowitz about the June 3 letter and Dr. Moskowitz's patent portfolio.  During the call, Mr. Williams expressed interest in some of Dr. Moskowitz's patented designs and confirmed that Globus's in-house personnel were reviewing the portfolio.   In particular, Globus appeared interested in Dr. Moskowitz's patents relating to expandable cages and expanding spacer design as Globus had recently launched Globus's Rise-L, an expandable lateral lumbar fusion device.  Mr. Williams promised to respond to the June 3 letter within two weeks.  Three days later, on July

16, 2015, Mr. Williams responded on behalf of Globus to the June 3 letter.  Mr. Williams confirmed that Globus had completed its preliminary review of Dr. Moskowitz's patent portfolio and offered Dr. Moskowitz a payment that failed to reflect the value of the portfolio to acquire "exclusive ownership of and rights to all of the patents and patent applications contained in the Patent Portfolio . . . ." (Ex. GG (July 16, 2015 Letter to Fink fr. Williams).)  Globus's offer expired six days later.  (Ex. GG (July 16, 2015 Letter to Fink fr. Williams).)  Plainly, Globus had already recognized the value of Dr. Moskowitz's work, but offered a price that can only be viewed as a large company's disdain for the hard work of a small company inventor.

36.     Dr. Moskowitz's counsel responded by email to Globus on July 21, 2015, stating that Dr. Moskowitz was "disappointed in Globus' very low offer." (Ex. HH (July 21, 2015 Letter to Williams fr. Fink).)  The email explained that Dr. Moskowitz's patent portfolio has far more value than reflected in Globus's offer given its life and breadth.  (Ex. HH (July 21, 2015 Letter to Williams fr. Fink).).  The email welcomed an offer that reflected the value of Dr. Moskowitz's patent portfolio.  (Ex. HH (July 21, 2015 Letter to Williams fr. Fink).).  But Globus never responded to counsel's July 21, 2015 email.

37.     On information and belief, since that time, Globus has not taken any affirmative steps to avoid infringing the Moskowitz patents, including the Asserted Patents in this case.

## COUNT I

### (Patent Infringement of United States Patent No. 8,353,913)

38.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

39.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '913 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '913 Accused Products

pursuant to 35 U.S.C. § 271(a).  Globus's '913 Accused Products include, but are not limited to, the COALITION Device and Instrumentation, COALITION AGX Device and Instrumentation, COALITION MIS Device and Instrumentation, MONUMENT Device and Instrumentation, Independence Device and Instrumentation, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

40.     The claim chart attached hereto as Exhibit LL describes how the elements of exemplary claim 1 from the '913 patent are practiced by Globus's '913 Accused Products.

41.     Globus's '913 Accused Products practice all of the limitations of claim 1 of the '913 patent.  For example, Globus's '913 Accused Products are each a tool for manipulating and inserting a universal, intervertebral bone fusion spacer into a disc space between a first vertebral body and a second vertebral body for providing fusion of the first vertebral body to the second vertebral body via biological bone fusion and screw fusion, wherein the universal, intervertebral bone fusion spacer includes an intervertebral cage having a first integral screw guide and a second integral screw guide, wherein each longitudinal end of the intervertebral cage includes a slot or indentation formed adjacent to an edge of an upper surface of the intervertebral cage, as required by claim 1 of the '913 patent.  *See, e.g.*, http://www.medimplant.cl/catalogos/ProdInfoSheet_ COALITION.pdf.

42.     Globus also indirectly infringes the '913 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has knowledge that its activities concerning Globus's '913 Accused Products infringe one or more claims of the '913 patent.  On information and belief, Globus will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '913 Accused Products (which are acts of direct infringement of the '913 patent) and Globus has and will continue to encourage those acts with the

specific intent to infringe one or more claims of the '913 patent.  Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '913 Accused Products (which are acts of direct infringement of the '913 patent). Alternatively, Globus knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the '913 Accused Products constitutes direct infringement of the '913 patent but took deliberate actions to avoid learning of these facts.

43.     On information and belief, Globus's infringement of the '913 patent has been willful and merits increased damages.

44.     On information and belief, Globus has known that its activities concerning the '913 Accused Products infringed one or more claims of the '913 patent since at least July 2015.

45.     On information and belief, Globus has made no attempt to design around the claims of the '913 patent.

46.     On information and belief, Globus did not have a reasonable basis for believing that the claims of the '913 patent was invalid.

47.     On information and belief, Globus's '913 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

48.     Moskowitz Family LLC has been damaged as the result of Globus's willful infringement.  Upon information and belief, Globus will continue to infringe one or more claims of the '913 patent unless and until they are enjoined by this Court.

49.     Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '913 patent.  Moskowitz Family LLC

will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '913 patent.

## COUNT II

### (Patent Infringement of U.S. Patent No. 9,889,022)

50.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

51.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '022 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '022 Accused Products pursuant to 35 U.S.C. § 271(a).  Globus's '022 Accused Products include, but are not limited to, COALITION, INDEPENDENCE, INDEPENDENCE MIS, MONUMENT, FORTIFY-IR, COALITION AGX, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

52.     The claim chart attached hereto as Exhibit II describes how the limitations of exemplary claim 47 of the '022 patent are practiced by Globus's '022 Accused Products.

53.     Globus's COALITION practices all of the limitations of claim 47 of the '022 patent.  For example, Globus's COALITION is an intervertebral combination internal screw guide and fixation apparatus comprising an intervertebral cage including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positioned between the two internal screw guides, as required by claim 47 of the '022 patent.  Globus's COALITION is an integrated plate and spacer system designed to provide the biomechanical strength of a traditional anterior cervical discectomy.  *See* http://www.globusmedical.com/portfolio/coalition/.



54.     Globus's INDEPENDENCE practices all of the limitations of claim 47 of the '022 patent.  For example, Globus's INDEPENDENCE is an intervertebral combination internal screw guide and fixation apparatus comprising an intervertebral cage including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positioned between the two internal screw guides, as required by claim 47 of the '022 patent.  Globus's INDEPENDENCE is an integrated plate and spacer system that helps to preserve the natural sagittal anatomic profile while providing anterior column support and stability.   *See*  http://www.globusmedical.com/portfolio/independence/.



55.    Globus's INDEPENDENCE MIS practices all of the limitations of claim 47 of the '022 patent.   For example, Globus's INDEPENDENCE MIS is a intervertebral combination internal screw guide fixation apparatus comprising an intervertebral cage including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positioned between the two internal screw guides, as required by claim 47 of the '022 patent.   Globus's INDEPENDENCE MIS is an integrated lumbar plate-spacer designed to deliver anchor fixation in fewer procedural steps through a less invasive surgical corridor than traditional integrated spacers.   *See* http://www.globusmedical.com/portfolio/independence-mis/.



56. Globus's MONUMENT practices all of the limitations of claim 47 of the '022 patent. For example, Globus's MONUMENT is an intervertebral combination internal screw guide and fixation apparatus comprising an intervertebral cage including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positioned between the two internal screw guides, as required by claim 47 of the '022 patent. Globus's MONUMNET is a unique ALIF system with an integrated mechanical reduction feature that is designed to aid in spondylolisthesis reduction. *See* http://www.globusmedical.com/portfolio/monument/.



57.     Globus's FORTIFY-IR practices all of the limitations of claim 47 of the '022 patent.  For example, Globus's FORTIFY-IR is an intervertebral combination internal screw guide and fixation apparatus comprising an intervertebral case including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positions between the two internal screw guides, as required by claim 47 of the '022 patent.  Globus's FORTIFY-IR is a corpectomy spacer system designed to provide anterior column support and prevent dislodgment, in addition to supplemental fixation.  *See* http://www.globusmedical.com/portfolio/fortifyir/.



58.     Globus's COALITION AGX practices all of the limitations of claim 47 of the '022 patent.  For example, Globus's COALITION AGX is an intervertebral combination internal screw guide and fixation apparatus comprising an intervertebral cage including a top wall, bottom wall, and two sidewalls, two internal screw guides, and a hole positioned between the two internal screw guides, as required by claim 47 of the '022 patent.  Globus's COALITION AGX is a versatile, low profile plating system designed to provide the biomechanical strength of a 4-screw ACDF plate, paired with a natural anatomical fit.  *See* http://www.globusmedical.com/portfolio/coalition-agx/.  Available in two distinct anterior profiles, Globus's COALITION AGX provides the benefit of a standard plate with less disruption to patient anatomy.  *See id.*  The design allows for ease of placement and ideal fixation for adjacent segment treatment.  *See id.*



59.    Globus also indirectly infringes the '022 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has or will have knowledge that its activities concerning Globus's '022 Accused Products infringe one or more claims of the '022 patent at least upon service of this Complaint.  On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '022 Accused Products (which are acts of direct infringement of the '022 patent) and Globus has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '022 patent.  For example, Globus provides directional videos to its customers encouraging the use of at least one of Globus's '022 Accused Products.  *See* http://www.globusmedical.com/video/#.  Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '022 Accused Products (which are acts of direct infringement of the '022 patent).  Alternatively, Globus knew that there was a high probability that the importation, sale, offer for sale, and use of the '022 Accused Products

constitutes direct infringement of the '022 patent but took deliberate actions to avoid learning of these facts.

60.     On information and belief, Globus's '022 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

61.     Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '022 patent unless and until they are enjoined by this Court.

62.     Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '022 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '022 patent.

## COUNT III

### (Patent Infringement of United States Patent No. 10,028,740)

63.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

64.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '740 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '740 Accused Products pursuant to 35 U.S.C. § 271 (a).  Globus's '740 Accused Products include, but are not limited to, COALITION MIS, INDEPENDENCE MIS, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

65.     The claim chart attached hereto as Exhibit JJ describes how the limitations of exemplary claim 1 of the '740 patent are practiced by Globus's '740 Accused Products.

66.     Globus's COALITION MIS practices all of the limitations of claim 1 of the '740 patent.  For example, Globus's COALITION MIS is a spinal fusion implant with a first curvilinear nail-screw and second curvilinear nail-screw and a connecting support structure, as required by claim 1 of the '740 patent.  Globus's COALITION MIS is designed to facilitate easy insertion with unimpeded visualization of the disc space.   *See* http://www.globusmedical.com/portfolio/ coalition-mis/.   The space accommodates traditional screws and/or innovative curved anchors delivered inline, eliminating the need for angled instruments, particularly at the upper and lower cervical levels where patient anatomy can be challenging.  *See id.*



67.     Globus's INDEPENDENCE MIS practices all of the limitations of claim 1 of the '740 patent.  For example, Globus's INDEPENDENCE MIS is a spinal fusion implant with a first curvilinear nail-screw and second curvilinear nail-screw and a connecting support structure, as

required by claim 1 of the '740 patent. Globus's INDEPENDENCE MIS is an integrated lumbar plate-spacer designed to deliver anchor fixation in fewer procedural steps through a less invasive surgical corridor than traditional integrated spacers. *See* http://www.globusmedical.com/ portfolio/independence-mis/.



68.    Globus also indirectly infringes the '740 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Globus has or will have knowledge that its activities concerning Globus's '740 Accused Products infringe one or more claims of the '740 patent at least upon service of this Complaint. On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '740 Accused Products (which are acts of direct infringement of the '740 patent) and Globus has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '740 patent. For example, Globus provides directional videos to its customers encouraging the use of at least one of Globus's '740 Accused Products. *See*

http://www.globusmedical.com/video/#.   Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '740 Accused Products (which are acts of direct infringement of the '740 patent).  Alternatively, Globus will know that there is a high probability that the importation, sale, offer for sale, and use of the '740 Accused Products constitutes direct infringement of the '740 patent but took deliberate actions to avoid learning of these facts.

69.     On information and belief, Globus's '740 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

70.     Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '740 patent unless and until they are enjoined by this Court.

71.     Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '740 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '740 patent.

## COUNT IV

### (Patent Infringement of United States Patent No. 10,076,367)

72.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

73.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '367 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '367 Accused Products

pursuant to 35 U.S.C. § 271(a).  Globus's '367 Accused Products include, but are not limited to,
COALITION, FORTIFY-IR, and any other Globus products, either alone or in combination, that
operate in a reasonably similar manner.

74.     The claim chart attached hereto as Exhibit KK describes how the limitations of
exemplary claim 1 of the '367 patent are practiced by Globus's '367 Accused Products.

75.     Globus's COALITION practices all of the limitations of claim 1 of the '367 patent.
For example, Globus's COALITION is a bidirectional fixating intervertebral implant system
comprising an implant body, a plate, a superior bone-piercing screw, and an inferior bone-piercing
screw, as required by claim 1 of the '367 patent.  Globus's COALITION is an integrated plate and
spacer system designed to provide the biomechanical strength of a traditional anterior cervical
discectomy.  *See* http://www.globusmedical.com/portfolio/coalition/.



76.     Globus's FORTIFY-IR practices all of the limitations of claim 1 of the '367 patent.
For example, Globus's FORTIFY-IR is a bidirectional fixating intervertebral implant system

comprising an implant body, a plate, a superior bone-piercing screw, and an inferior bone-piercing screw, as required by claim 1 of the '367 patent.  Globus's FORTIFY-IR is a corpectomy spacer system designed to provide anterior column support and prevent dislodgment, in addition to supplemental fixation.  *See* http://www.globusmedical.com/portfolio/fortifyir/.  The PEEK spacer has integrated titanium plates and screws for additional stabilization between the vertebral bodies and the spacer.  *See id.*



77.     Globus also indirectly infringes the '367 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has or will have knowledge that its activities concerning Globus's '367 Accused Products infringe one or more claims of the '367 patent at least upon service of this Complaint.  On information and belief, Globus will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '367 Accused Products (which are acts of direct infringement of the '367 patent) and Globus has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '367 patent.  For example, Globus provides directional videos to its customers encouraging the use of at least one of Globus's '367 Accused Products.  *See* http://www.globusmedical.com/video/#. Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '367 Accused Products (which are acts of direct infringement of the '367 patent).  Alternatively, Globus will know that there is a high probability that the importation, sale, offer for sale, and use of the '367 Accused Products constitutes direct infringement of the '367 patent but took deliberate actions to avoid learning of these facts.

78.     On information and belief, Globus's '367 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

79.     Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '367 patent unless and until they are enjoined by this Court.

80.     Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '367 patent.  Moskowitz Family LLC

will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '367 patent.

## COUNT V

### (Patent Infringement of United States Patent No. 10,307,268)

81.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

82.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '268 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '268 Accused Products pursuant to 35 U.S.C. § 271(a).  Globus's '268 Accused Products include, but are not limited to, RISE, RISE IntraLIF, RISE-L, ELSA, ELSA ATP, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

83.     The claim chart attached hereto as Exhibit MM describes how the limitations of exemplary claims 1 and 21 of the '268 patent are practiced by Globus's '268 Accused Products.

84.     Globus's RISE practices all of the limitations of claim 1 of the '268 patent.  For example, Globus's RISE is a system comprising an intervertebral expandable implant with a first vertebral body engagement surface and first angled wedge portion, a second vertebral body engagement surface and second angled wedge portion, and adjusting screw; the RISE also comprises two adjusting tools, as required by claim 1 of the '268 patent.  Globus's RISE is an all titanium expandable lumbar fusion device which minimizes insertion force, provides controlled distraction, and optimizes endplate-to-endplate fit.   *See*  http://www.globusmedical.com/ portfolio/rise/.  The RISE helps reduce musculoskeletal disruption and the amount of nerve root retraction required.  *See id.*



85.    Globus's RISE IntraLIF practices all of the limitations of claim 1 of the '268 patent. For example, Globus's RISE IntraLIF is a system comprising an intervertebral expandable implant with a first vertebral body engagement surface and first angled wedge portion, a second body engagement surface and second angled wedge portion, and adjusting screw; the RISE IntraLIF also comprises two adjusting tools, as required by claim 1 of the '268 patent.  Globus's RISE IntraLIF is an expandable lumbar fusion device that achieves traditional fusion goals with minimized anatomical disruption and optimized disc access.  *See* http://www.globusmedical.com/portfolio/rise-intralif/.  The RISE IntraLIF provides protection for the corridor past the nerve roots and improved implant placement.  *See id.*



86.     Globus's RISE-L practices all of the limitations of claim 1 of the '268 patent.  For example, Globus's RISE-L is a system comprising an intervertebral expandable implant with a first vertebral body engagement surface and first angled wedge portion, a second vertebral body engagement surface and second angled wedge portion, and adjusting screw; the RISE-L also comprises two adjusting tools, as claimed by claim 1 of the '268 patent.  Globus's RISE-L is an expandable lateral lumbar fusion device that offers up to 7mm of expansion coupled with a large graft chamber and the ability to introduce autogenous bone graft in situ.  *See* http://www.globusmedical.com/portfolio/rise-l/.  The RISE-L provides continuous situ expansion and the large, single graft chamber can be filled with autogenous bone graft material after insertion and expansion.  *See id.*



87.     Globus's ELSA practices all of the limitations of claim 21 of the '268 patent.  For example, Globus's ELSA is a system comprising an intervertebral expandable implant with a vertebral body engagement surface and angled wedge portion, comprised of two inwardly-facing rails and two inwardly-facing slots, and an adjusting screw; the RISE also comprises two adjusting

tools, as required by claim 21 of the '268 patent.  Globus's ELSA is an expandable interbody fusion spacer with integrated fixation designed to maximize segmental lordosis while minimizing disruption to patient anatomy.  *See* http://www.globusmedical.com/portfolio/elsa/.  The ELSA allows for insertion at a smaller starting height for a more precise fit and the integrated fixation can be delivered through a smaller access window.  *See id.*





88.     Globus's ELSA ATP practices all of the limitations of claim 21 of the '268 patent. For example, Globus's ELSA ATP is a system comprising an intervertebral expandable implant

with a vertebral body engagement surface and angled wedge portion, comprised of two inwardly-facing rails and two-inwardly facing slots, and an adjusting screw; the RISE also comprises two adjusting tools, as required by claim 21 of the '268 patent. Globus's ELSA ATP is an expandable lateral system designed to provide access to the lumbar spine anterior to the psoas muscle. *See* http://www.globusmedical.com/portfolio/elsa-atp/. Entering the disc space from this approach helps to avoid complications associated with the lateral trans-psoas approach and the lumbar plexus. *See id.*





89.     Globus also indirectly infringes the '268 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has or will have knowledge that its activities concerning Globus's '268 Accused Products infringe one or more claims of the '268 patent at least upon service of this Complaint.  On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '268 Accused Products (which are acts of direct infringement of the '268 patent) and Globus will encourage those acts with the specific intent to infringe one or more claims of the '268 patent. For example, Globus provides directional videos to its customers encouraging the use of at least one of Globus's '268 Accused Products.  *See* http://www.globusmedical.com/video/#.  Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '268 Accused Products (which are acts of direct infringement of the '268 patent).  Alternatively, Globus will know that there is a high probability that the import, sale, offer for sale, and use of the '268 Accused Products constitutes direct infringement of the '268 patent but took deliberate actions to avoid learning of these facts.

90.     On information and belief, Globus's '268 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

91.     Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '268 patent unless and until they are enjoined by this Court.

92.     Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '268 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '268 patent.

## COUNT VI

### (Patent Infringement of United States Patent No. 10,251,643)

93.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

94.     Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '643 patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products pursuant to 35 U.S.C. § 271(a).  Globus's '643 Accused Products include, but are not limited to, FORTIFY, FORTIFY Variable Angle, FORTIFY-I, XPAND, XPAND R, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

95.     The claim chart attached hereto as Exhibit NN describes how the limitations of exemplary claim 1 of the '643 patent are practiced by Globus's '643 Accused Products.

96.     Globus's FORTIFY practices all of the limitations of claim 1 of the '643 patent. For example, Globus's FORTIFY is an artificial expansile spinal implant comprising a first and

second shells and an expansion mechanism positioned between the first and second shells, including two threaded bodies and a rotatable tool engagement portion, as required by claim 1 of the '643 patent. Globus's FORTIFY is an adjustable corpectomy spacer that streamlines vertebral body replacement and provides one step insertion-expansion with automatic locking to simplify the technique. *See* http://www.globusmedical.com/portfolio/fortify/. PEEK or titanium materials, maximized expansion ranges, and modular endplates allow surgeons to customize each implant for their patient. *See id.*



97.   Globus's FORTIFY Variable Angle practices all of the limitations of claim 1 of the '643 patent. For example, Globus's FORTIFY Variable Angle is an artificial expansile spinal implant comprising a first and second shells and an expansion mechanism positioned between the first and second shells, as required by claim 1 of the '643 patent. Globus's FORTIFY Variable Angle is a self-aligning expandable corpectomy spacer designed to optimize anatomical fit through an anterior cervical approach or one of several thoracolumbar approaches. *See* http://www.globusmedical.com/portfolio/fortify-variable-angle/.



98.    Globus's FORTIFY-I practices all of the limitations of claim 1 of the '643 patent. For example, Globus's FORTIFY-I is an artificial expansile spinal implant comprising a first and second shells and an expansion mechanism positioned between the first and second shells, as required by claim 1 of the '643 patent.  Globus's FORTIFY-I is a corpectomy spacer system designed to provide anterior column support and help prevent implant dislodgement.  The spacer has integrated titanium screws for additional stabilization between the vertebral bodies and the spacer.  *See* http://www.globusmedical.com/portfolio/fortify-i/.  The PEEK spacer has integrated titanium plates and screws for additional stabilization between the vertebral bodies and the spacer. *See id.*



99.     Globus's XPAND practices all of the limitations of claim 1 of the '643 patent.  For example, Globus's XPAND is an artificial expansile spinal implant comprising a first and second shells and an expansion mechanism positioned between the first and second shells, as required by claim 1 of the '643 patent.   Globus's XPAND is an expandable corpectomy device available in a wide variety of footprints, heights and lordotic/kyphotic angles to match varying patient anatomy. Insertion and continuous adjustable expansion is achieved with one specially designed instrument aimed to simplify the surgical technique.  *See* http://www.globusmedical.com/portfolio/xpand/.



100.    Globus's XPAND R practices all of the limitations of claim 1 of the '643 patent. For example, Globus's XPAND R is an artificial expansile spinal implant comprising a first and second shells and an expansion mechanism positioned between the first and second shells, as required by claim 1 of the '643 patent.  Globus's XPAND R is an expandable corpectomy device made from PEEK radiolucent polymer.  *See*  http://www.globusmedical.com/portfolio/xpand-r/. The implant allows visualization to assess fusion; a substantial advantage when treating tumor and trauma conditions, in terms of visualization of postoperative tumor recurrence.  *See id.*  XPAND offers continuous adjustable expansion through a holder that controls both insertion and expansion and can be placed at multiple insertion angles to accommodate various approaches.  *See id.*



101.    Globus also indirectly infringes the '643 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has or will have knowledge that its activities concerning Globus's '643 Accused Products infringe one or more claims of the '643 patent at least upon service of this Complaint.  On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '643 Accused Products (which are acts of direct infringement of the '643 patent) and Globus will encourage those acts with the specific intent to infringe one or more claims of the '643 patent. For example, Globus provides directional videos to its customers encouraging the use of at least

one of Globus's '643 Accused Products.  *See* http://www.globusmedical.com/video/#.  Further, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '643 Accused Products (which are acts of direct infringement of the '643 patent).  Alternatively, Globus will know that there is a high probability that the import, sale, offer for sale, and use of the '643 Accused Products constitutes direct infringement of the '643 patent but took deliberate actions to avoid learning of these facts.

102.    On information and belief, Globus's '643 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

103.    Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '643 patent unless and until they are enjoined by this Court.

104.    Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '643 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '643 patent.

## <u>COUNT VII</u>

### **(Patent Infringement of United States Patent No. 10,376,386)**

105.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

106.    Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '386 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '386 Accused Products

pursuant to 35 U.S.C. § 271(a).  Globus's '386 Accused Products include, but are not limited to, Revere Anterior Staple System (RASS) and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

107.    The claim chart attached hereto as Exhibit OO describes how the limitations of exemplary claim 1 of the '386 patent are practiced by Globus's '386 Accused Products.

108.    Globus's RASS practices all of the limitations of claim 1 of the '386 patent.  For example, Globus's RASS is a spinal staple comprising a staple base, a first staple spike, and a second staple spike where the spinal staple defines a threaded hole position along the midline axis, as required by claim 1 of the '368 patent.  Globus's RASS is a dual rod staple system utilized in anterior deformity, trauma and tumor cases. *See* http://www.globusmedical.com/portfolio/revere-anterior-staple-system-rass/.   The implants have been specifically designed for an anterior approach.  *See id.*



109.    Globus also indirectly infringes the '386 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).  Globus has or will have knowledge that its activities concerning Globus's '386 Accused Products infringe one or more claims of the '386

patent at least upon service of this Complaint.  On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '386 Accused Products (which are acts of direct infringement of the '386 patent) and Globus will encourage those acts with the specific intent to infringe one or more claims of the '386 patent. For example, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '386 Accused Products (which are acts of direct infringement of the '386 patent).  Alternatively, Globus will know that there is a high probability that the import, sale, offer for sale, and use of the '386 Accused Products constitutes direct infringement of the '386 patent but took deliberate actions to avoid learning of these facts.

110.    On information and belief, Globus's '386 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

111.    Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '386 patent unless and until they are enjoined by this Court.

112.    Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '386 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '386 patent.

## COUNT VIII

### (Patent Infringement of United States Patent No. 10,478,319)

113.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

114.    Globus has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '319 patent by making, using, testing, selling, offering for sale and/or importing into the United States Globus's '319 Accused Products pursuant to 35 U.S.C. § 271(a).  Globus's '319 Accused Products include, but are not limited to, RISE, RISE IntraLIF, RISE L, ELSA, ELSA ATP, MONUMENT, ALTERA, AERIAL, LATIS, CALIBER, CALIBER L, and any other Globus products, either alone or in combination, that operate in a reasonably similar manner.

115.    The claim chart attached hereto as Exhibit PP describes how the limitations of exemplary claims 1, 8, and 20 of the '319 patent are practiced by Globus's '319 Accused Products.

116.    Globus's RISE practices all limitations of claim 1 of the '319 patent.  For example, Globus's RISE is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319patent.  Globus's RISE is an all titanium expandable lumbar fusion device which minimizes insertion force, provides controlled distraction, and optimizes endplate-to-endplate fit.  *See* http://www.globusmedical.com/portfolio/rise/.  The RISE helps reduce musculoskeletal disruption and the amount of nerve root retraction required.  *See id.*



117.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8

of the '319 patent by making, using, selling and offering to sell RISE along with bone graft material configured to be placed inside and outside of RISE.  As an initial matter, Globus designed RISE to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale RISE along with bone graft material configured to be placed inside and outside of RISE.  On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.  And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

118.    Globus's RISE IntraLIF practices all limitations of claim 1 of the '319 patent.  For example, Globus's RISE IntraLIF is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.   Globus's RISE IntraLIF is an expandable lumbar fusion device that achieves traditional fusion goals with minimized anatomical disruption and optimized disc access.  *See* http://www.globusmedical.com/portfolio/rise-intralif/. The RISE IntraLIF provides protection for the corridor past the nerve roots and improved implant placement.  *See id.*

**RISE® IntraLIF®** is an innovative expandable lumbar fusion device that achieves traditional fusion goals through an 8.5mm inner diameter cannula. By leveraging endoscopic access and visualization through the IntraLIF® procedure, the RISE® implant expands *in situ* to distract and optimize fit.



- Minimized Anatomical Disruption

- Protected Corridor Past Nerve Roots

- Optimized Disc Access

- Improved Implant Placement

119.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8 of the '319 patent by making, using, selling and offering to sell RISE IntraLIF along with bone graft material configured to be placed inside and outside of RISE IntraLIF.  As an initial matter, Globus designed RISE IntraLIF to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale RISE IntraLIF along with bone graft material configured to be placed inside and outside of RISE IntraLIF.   On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.   Further, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

120.    Globus's RISE L practices all limitations of claim 1 of the '319 patent.   For
example, Globus's RISE L is a tool assembly comprising a first tool, and second tool, and an
expandable implant, as required by claim 1 of the '319 patent.  Globus's RISE L is an expandable
lateral lumbar fusion device that offers up to 7mm of expansion coupled with a large graft chamber
and the ability to introduce autogenous bone graft *in situ*.  *See* http://www.globusmedical.com/
portfolio/rise-l/.



121.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank
Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8
by making, using, selling and offering to sell RISE-L along with bone graft material configured to
be placed inside and outside of RISE-L.  As an initial matter, Globus designed RISE-L to be filled
with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)
On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics
of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these
agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use,
sell, and offer for sale RISE-L along with bone graft material configured to be placed inside and
outside of RISE-L.  On information and belief, Globus and these wholly-owned subsidiaries have
a common pecuniary interest in this purpose.  And, on information and belief, Globus and these

wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

122.    Globus's ELSA practices all limitations of claim 1 of the '319 patent.  For example, Globus's ELSA is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.  Globus's ELSA is an expandable interbody fusion spacer with integrated fixation designed to maximize segmental lordosis while minimizing disruption to patient anatomy.  *See* http://www.globusmedical.com/portfolio/elsa/.  The ELSA allows for insertion at a smaller starting height for a more precise fit and the integrated fixation can be delivered through a smaller access window.  *See id.*



123.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to directly infringe claim 8 by making, using, selling and offering to sell ELSA along with bone graft material configured to be placed inside and outside of ELSA.  As an initial matter, Globus designed ELSA to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief,

under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale ELSA along with bone graft material configured to be placed inside and outside of ELSA.   On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.   And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

124.    Globus's ELSA ATP practices all limitations of claim 1 of the '319 patent.   For example, Globus's ELSA ATP is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.   Globus's ELSA ATP is an expandable lateral system designed to provide access to the lumbar spine anterior to the psoas muscle.   *See* http://www.globusmedical.com/portfolio/elsa-atp/.   Entering the disc space from this approach helps to avoid complications associated with the lateral trans-psoas approach and the lumbar plexus.   *See id.*



125.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8

by making, using, selling and offering to sell ELSA ATP along with bone graft material configured to be placed inside and outside of ELSA ATP. As an initial matter, Globus designed ELSA ATP to be filled with the bone graft material required by claim 8. (*See* Ex. QQ (Letter to FDA fr. Globus Medical).) On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas. Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale ELSA ATP along with bone graft material configured to be placed inside and outside of ELSA ATP. On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose. And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

126.    Globus's MONUMENT practices all limitations of claim 1 of the '319 patent. For example, Globus's MONUMENT is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent. Globus's MONUMENT is a unique ALIF system with an integrated mechanical reduction feature that is designed to aid in spondylolisthesis reduction. *See* http://www.globusmedical.com/portfolio/monument/.





127.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8 by making, using, selling and offering to sell MONUMENT along with bone graft material configured to be placed inside and outside of MONUMENT.  As an initial matter, Globus designed MONUMENT to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale MONUMENT along with bone graft material configured to be placed inside and outside of MONUMENT.  On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.

And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

128.    Globus's AERIAL practices all limitations of claim 1 of the '319 patent.   For example, Globus's AERIAL is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.   Globus's AERIAL is a minimally invasive spinous process fixation system.   *See* http://www.globusmedical.com/portfolio/aerial/. With its expandable core and independent locking plates, Globus's AERIAL offers a customized patient fit and allows for indirect decompression.  *See id.*  Globus's AERIAL's easy insertion and expansion provides a simple MIS solution for interspinous fixation.  *See id.*



129.    Globus's LATIS practices all limitations of claim 1 of the '319 patent.   For example, Globus's LATIS is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.  Globus's LATIS is an expandable lumbar interbody fusion spacer designed to provide an ALIF footprint through a TLIF approach. *See* http://www.globusmedical.com/portfolio/latis/.



130.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank

Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8

by making, using, selling and offering to sell LATIS along with bone graft material configured to

be placed inside and outside of LATIS.  As an initial matter, Globus designed LATIS to be filled

with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)

On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics

of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these

agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use,

sell, and offer for sale LATIS along with bone graft material.  On information and belief, Globus

and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.  And, on

information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a

voice in the direction of this enterprise, with each company having an equal right of control.

131.    Globus's CALIBER practices all limitations of claim 1 of the '319 patent.  For

example, Globus's CALIBER is a tool assembly comprising a first tool, and second tool, and an

expandable implant, as required by claim 1 of the '319 patent.  Globus's CALIBER is an

expandable lumbar fusion device that optimizing endplate-to-endplate fit and minimizing insertion

force.  *See* http://www.globusmedical.com/portfolio/caliber/.  Insertion of CALIBER is performed

at a contracted height to help reduce the amount of nerve root retraction required and to preserve musculoskeletal composition.  *See id.*  Continuous expansion of CALIBER is designed to restore disc height, while controlled distraction helps to properly tension the annulus and surrounding ligaments.  *See id.*



132.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8 by making, using, selling and offering to sell CALIBER along with bone graft material configured to be placed inside and outside of CALIBER.  As an initial matter, Globus designed CALIBER to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas.  Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale CALIBER along with bone graft material configured to be placed inside and outside of CALIBER.  On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose.  And, on information and belief,

Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

133.    Globus's CALIBER L practices all limitations of claim 1 of the '319 patent.  For example, Globus's CALIBER L is a tool assembly comprising a first tool, and second tool, and an expandable implant, as required by claim 1 of the '319 patent.  Globus's CALIBER L is an expandable lateral lumbar fusion device designed to streamline insertion and optimize fit.  *See* http://www.globusmedical.com/portfolio/caliber-l/.   Insertion of CALIBER L is performed at a contracted height to ease insertion.  *See id.*  Controlled distraction is designed to maximize indirect decompression through disc height restoration.  *See id.*  Continuous expansion resists migration by optimizing fit.  *See id.*



134.    Globus has formed a joint enterprise with its wholly-owned subsidiaries Bone Bank Allografts, Human Biologics of Texas, and Transplant Technologies of Texas to infringe claim 8 by making, using, selling and offering to sell CALIBER L along with bone graft material configured to be placed inside and outside of CALIBER L.  As an initial matter, Globus designed CALIBER L to be filled with the bone graft material required by claim 8.  (*See* Ex. QQ (Letter to FDA fr. Globus Medical).)  On information and belief, Globus has agreements with Bone Bank

Allografts, Human Biologics of Texas, and Transplant Technologies of Texas. Moreover, on information and belief, under these agreements Globus and these wholly-owned subsidiaries have a common purpose to make, use, sell, and offer for sale CALIBER L along with bone graft material configured to be placed inside and outside of CALIBER L. On information and belief, Globus and these wholly-owned subsidiaries have a common pecuniary interest in this purpose. And, on information and belief, Globus and these wholly-owned subsidiaries each have an equal right to a voice in the direction of this enterprise, with each company having an equal right of control.

135. Globus's ALTERA practices all limitations of claim 20 of the '319 patent. For example, Globus's ALTERA is a tool assembly comprising a first tool, a second adjusting tool, and an expandable implant, as required by claim 20 of the '319 patent. Globus's ALTERA is an articulating expandable TLIF spacer designed to maximize the potential for restoring lordosis and maintaining sagittal balance while minimizing the challenges of insertion. *See* http://www.globusmedical.com/portfolio/altera/. The spacer is inserted at a minimized height, articulated into anterior position, and expanded to optimize fit. *See id.*



136. Globus also indirectly infringes the '319 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Globus has or will have knowledge that its activities concerning Globus's '319 Accused Products infringe one or more claims of the '319

patent at least upon service of this Complaint.  On information and belief, Globus has and will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the '319 Accused Products (which are acts of direct infringement of the '319 patent) and Globus will encourage those acts with the specific intent to infringe one or more claims of the '319 patent. For example, Globus provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Globus's '319 Accused Products (which are acts of direct infringement of the '319 patent).  Alternatively, Globus will know that there is a high probability that the import, sale, offer for sale, and use of the '319 Accused Products constitutes direct infringement of the '319 patent but took deliberate actions to avoid learning of these facts.

137.    Globus also indirectly infringes the '319 patent by contributing to the direct infringement by third parties under 35 U.S.C. § 271(c).  Globus has or will have knowledge that its activities concerning the '319 Accused Products indirectly infringe at least claim 8 of the '319 patent upon service of this Complaint.  On information and belief, Globus specifically designed and configured the '319 Accused Products to be filled with bone graft material by third parties to directly infringe claim 8 of the '319 patent.  Moreover, on information and belief, third parties have and will continue to fill the '319 Accused Products with bone graft material (which directly infringes claim 8 of the '319 patent) based on Globus's ongoing activities, including its technical support, product manuals, marketing materials, brochures, videos, demonstrations, and website materials.  On information and belief, Globus's '319 Accused Products have no substantial non-infringing uses.  Further, Globus's '319 Accused Products constituted a material part of the inventions claimed in claim 8 of the '319 patent.

138.    On information and belief, Globus's '319 Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

139.    Moskowitz Family LLC has been damaged as the result of Globus's infringement. Upon information and belief, Globus will continue to infringe one or more claims of the '319 patent unless and until they are enjoined by this Court.

140.    Globus has caused and will continue to cause Moskowitz Family LLC irreparable injury and damage by infringing one or more claims of the '319 patent.  Moskowitz Family LLC will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Globus is enjoined from infringing the claims of the '319 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Moskowitz Family LLC respectfully requests that this Court:

1)    Enter judgment that Globus has infringed one or more claims of the Asserted Patents;

2)    Enter an order permanently enjoining Globus and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from infringing the claims of the Asserted Patents;

3)    Award Moskowitz Family LLC damages in an amount sufficient to compensate it for Globus's infringement of one or more claims of the Asserted Patents, together with pre-judgment and post-judgment interest costs, and all other damages permitted under 35 U.S.C. § 284;

4)    Perform an accounting of Globus's infringing activities through trial and judgment;

5)    Treble the damages awarded to Moskowitz Family LLC under 35 U.S.C. § 284 by reason of Globus's willful infringement of at least the '913 patent;

6)      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Moskowitz

Family LLC its attorneys' fees, expenses, and costs incurred in this action; and

7)      Award Moskowitz Family LLC such other and further relief as this Court deems

just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Moskowitz Family LLC demands a jury trial on all issues so triable.


Dated: November 20, 2019                          Respectfully Submitted,

                                                  FISH & RICHARDSON P.C.

                                                  By:  */s/ David M. Hoffman*
                                                       David M. Hoffman
                                                       Texas Bar No. 24046084
                                                       hoffman@fr.com
                                                       111 Congress Avenue, Suite 810
                                                       Austin, TX 78701
                                                       Tel: (512) 472-5070
                                                       Fax: (512) 320-8935

                                                       Ruffin B. Cordell (to be admitted)
                                                       cordell@fr.com
                                                       Indranil Mukerji
                                                       mukerji@fr.com
                                                       Joseph V. Colaianni, Jr. (to be admitted)
                                                       colaianni@fr.com
                                                       1000 Maine Ave., S.W., Suite 1000
                                                       Washington, D.C. 20024
                                                       Tel: (202) 783-5070
                                                       Fax: (202) 783-2331

                                                       Jason M. Zucchi (to be admitted)
                                                       Zucchi@fr.com
                                                       3200 RBC Plaza
                                                       60 South Sixth Street
                                                       Minneapolis, MN 55402
                                                       Tel: (612) 335-5070
                                                       Fax: (612) 288-9696

                                                  **ATTORNEYS FOR PLAINTIFF**
                                                  **MOSKOWITZ FAMILY LLC**